**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CONNIE M. FICKEL, SB# 210286
  E-Mail: Connie.Fickel@lewisbrisbois.com
DAVID M. FLORENCE, SB# 242857
  E-mail: David.Florence@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Ward Damon, erroneously sued as Ward Damon Posner Pheterson and Bleau, P.L.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENWAY NUTRIENTS, INC., a Colorado Corporation, and GUSTAVO ESCAMILLA<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN MARK PIERCE, an individual; PIERCE BAINBRIDGE, PC, a California professional corporation; WARD DAMON POSNER PHETERSON AND BLEAU, P.L., a Florida limited liability company; PRAVATI CAPITAL, LLC, a Delaware limited liability company; IAN ABAIE, an individual; ALEX CHUCRI, an individual; VIRAGE MASTER LP, a Delaware limited partnership; VIRAGE SPV-I LLC, a Delaware limited liability company; and DOES 1-25, inclusive,<br><br>Defendants | CASE NO. 2:22-cv-3322<br><br>**DEFENDANT WARD DAMON's NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>**[Filed concurrently with Declaration of Connie M. Fickel]**<br><br><br><br>Trial Date:   None Set |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Ward Damon, erroneously sued as Ward Damon Posner Pheterson and Bleau, P.L., files this Notice of Removal

pursuant to 28 U.S.C. §§ 1441 and 1446, asserting removal based on diversity of citizenship under 28 U.S.C. § 1332(a), to effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of Los Angeles. The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) for the following reasons:

## I.  BACKGROUND

1. On or about March 21, 2022, plaintiffs Greenway Nutrients, Inc., a Colorado corporation, and Gustavo Escamilla, an individual residing in California. ("Plaintiffs") filed a Complaint (the "Complaint") against Defendants, John Mark Pierce, an individual residing in California; Pierce Bainbridge, P.C., a California professional corporation; Ward Damon Posner Pheterson and Bleau, P.L., a Florida limited liability company; Pravati Capital, LLC, a Delaware limited liability company; Ian Abaie, an individual; Alex Chucri, an individual; Virage Master, LP, a Delaware limited partnership; and Virage SPV-1, LLC, a Delaware limited liability company, in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV09854.

2. The Complaint alleges: (1) constructive fraud against all Defendants; (2) breach of fiduciary duty against Pierce, Pierce Banbridge and Ward Damon; (3) conspiracy against Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (4) aiding and abetting fraud against Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (5) aiding and abetting fraud against Pierce, Pierce Banbridge and Ward Damon; (6) aiding and abetting breach of fiduciary duty against Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (7) unfair business practices against Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC ; (8) Tom Bane Civil Rights Act against all Defendants; (9) aiding and abetting securities fraud against all Defendants; and (10) declaratory judgment against all Defendants. Copies of all of the pleadings and papers filed in

the Superior Court of Los Angeles County, California of which Ward Damon is aware, are attached as Exhibits A though I to the Declaration of Connie M. Fickel.

3. The Complaint seeks damages exceeding $25 million, plus punitive damages, attorneys' fees, expenses, costs, and prejudgment interest. (*See* Ex. A to Fickel Decl.)

## II. GROUNDS FOR REMOVAL – DIVERSITY

4. This action is removable under 28 U.S.C. §1441(a)-(b), which provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As explained below, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because: (a) Plaintiffs, on the one hand, and the Defendants who have been served, on the other hand,[1] are residents of different states; (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (c) snap removal is a judicially recognized exception to the forum defendant rule set forth in 28 U.S.C, where the case involves defendants who are forum defendants, as their residency need not be considered if they have not been properly served and joined at the time the Notice of Removal is filed. (*See Choi v. GM LLC*, 2021 U.S. Dist. LEXIS 172291, at *6-9 (C.D. Cal. Sept. 9, 2021) citing *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.,* 902 F.3d 147, 152-154 (3d Cir. 2018); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Tex. Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).

5. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the

---

[1] Only Pravati Capital, LLC, Virage Master LP, and Virage SPV-1, LLC have been served with the Summons and Complaint. None reside in California. (Fickel Decl., Ex. A, §§19, 22-23.) Ward Damon received a copy of the Complaint, however, Ward Damon submits that service was not complete/properly effectuated. (Fickel Decl., §6.)

4883-3281-3600.1

3

DEFENDANT WARD DAMON'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

State or foreign state where it has its principal place of business[.]"

6. Plaintiff Greenway Nutrients, Inc. alleges it is a Colorado corporation, with its principal place of business in Los Angeles County, California, and Plaintiff Gustavo Escamilla alleges he is an individual who resides in Los Angeles County, California (Complaint ¶¶ 14, 15.) Ward Damon is therefore informed and believes, and on that basis alleges, that Plaintiffs at all relevant times herein are and were citizens of the State of California and State of Colorado.

7. Defendant Ward Damon is a Florida limited liability company with its principal place of business in West Palm Beach, Florida. (Complaint ¶18.) The members of Ward Damon, a Florida law firm, are not citizens of the State of California. (Fickel Decl.., ¶ 5.) Ward Damon therefore alleges that it is and was at all relevant times herein a citizen of the State of Florida.

8. Plaintiffs allege that Defendant Pravati Capital, LLC is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. Ward Damon is therefore informed and believes, and on that basis alleges, that Defendant Pravati Capital, LLC at all relevant times herein is and was a citizen of the State of Arizona and State of Delaware. (Complaint, §19.)

9. Plaintiffs allege that Defendant Virage Master, LP is a Delaware limited partnership with its principal place of business in Houston, Texas. Ward Damon is therefore informed and believes, and on that basis alleges, that Defendant Virage Master, LP at all relevant times herein is and was a citizen of the State of Texas and State of Delaware. (Complaint, §22.)

10. Plaintiffs allege that Defendant Virage SPV-1, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. Ward Damon is therefore informed and believes, and on that basis alleges, that Defendant Virage SPV-1, LLC at all relevant times herein is and was a citizen of the State of Texas and State of Delaware. (Complaint, §23.)

11. Pravati and the Virage entities have been served. They are not citizens of the State of California within the meaning of the Acts of Congress relating to the removal of cases, and they consented to removal. None of the other Defendants have been served as of May 16, 2022. (Fickel Decl., 6, 8-10.)

### III. AMOUNT IN CONTROVERSY

12. To satisfy the $75,000 amount in controversy requirement set forth in 28 U.S.C. §1332(a), the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

13. It is facially apparent from the Complaint but not stated that the alleged amount in controversy in this case more likely than not exceeds $75,000 based on the fact that the Complaint seeks damages, including punitive damages, against Defendants in excess of $25 million. (*See e.g.,* Complaint ¶ 298.)

14. Taking into consideration the allegations concerning Plaintiff's alleged damages, Ward Damon respectfully submits that the amount in controversy more likely than not exceeds $75,000.

### IV. NO WAIVER OF DEFENSES

15. By removing this case to federal court, Ward Damon does not consent to personal jurisdiction, does not concede that this Court is a convenient forum, and does not waive any of its defenses or objections under Federal Rule of Civil Procedure 12(b) or California Code of Civil Procedure §425.16 or any other defense or objection available under the law. *See Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 300-01 (9th Cir. 1986) (dismissing a removed federal action for lack

of personal jurisdiction.); *see also Team Enterprises, LLC v. W. Inv. Real Estate Trust,* 2008 U.S. Dist. LEXIS 82883, *5 (E.D. Cal. 2008) ("A defendant's choice to first remove an action to federal court before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdiction."); *Dielsi v. Falk,* 916 F.Supp. 985, 994 (C.D. Cal. 1996) ("a defendant does not waive jurisdictional challenges by removing the case to federal court.").

## V. TIMELINESS OF REMOVAL

16. The Complaint was allegedly served on Ward Damon on April 26, 2022. This Notice of Removal is therefore timely because it is filed within thirty (30) days of the date of the alleged service on Ward Damon of a copy of the Complaint. 28 U.S.C. § 1446(b). (Fickel Decl., ¶ 14.)

## VI. VENUE IS PROPER

17. Venue lies in the Central District of California pursuant to 28 U.S.C. §§1441(a), 1391(a), and 84(d), because the state court action was filed in this District and Division.

## VII. DEFENDANTS' CONSENT

18. Counsel for Defendants Pravati Capital, LLC, Virage Master, LP, and Virage SPV-1, LLC, have consented to removal based on diversity jurisdiction. (Fickel Decl., ¶ 16.)

## VIII. NOTICE OF REMOVAL

19. This Notice of Removal will be promptly served on the parties and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

/ / /

/ / /

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| A. | Complaint | March 21, 2022 |
| B. | Summons | March 21, 2022 |
| C. | Civil Case Cover Sheet | March 21, 2022 |
| D. | Notice of Case Assignment | March 21, 2022 |
| E. | Alternate Dispute Resolution Packet | March 21, 2022 |
| F. | First Amended General Order Re: Mandatory Electronic Filing | March 21, 2022 |
| G. | Voluntary Efficient Litigation Stipulation Packet | March 21, 2022 |
| H. | Notice of Case Management Conference | March 25, 2022 |
| I. | Order to Show Cause Failure to File Proof of Service | March 25, 2022 |

WHEREFORE, Ward Damon respectfully requests that the above-captioned action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

DATED: May 16, 2022       LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Connie M. Fickel*
Connie M. Fickel
Attorneys for Defendant Ward Damon, erronesouly sued as Ward Damon Posner Pheterson and Bleau, P.L.