Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Brent J. Lehman (SBN 282149)
blehman@gerardfoxlaw.com
GERARD FOX LAW, P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
(310) 441-0500

Attorney for Plaintiffs,
Greenway Nutrients Inc. and Gustavo Escamilla

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENWAY NUTRIENTS, INC., a Colorado Corporation, and GUSTAVO ESCAMILLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MARK PIERCE, an individual; PIERCE BAINBRIDGE, PC, a California professional corporation; WARD DAMON POSNER PHETERSON AND BLEAU, P.L., a Florida limited liability company; PRAVATI CAPITAL, LLC, a Delaware limited liability company; IAN ABAIE, an individual; VIRAGE MASTER LP, a Delaware limited liability company; and DOES 1-25, inclusive,<br><br>Defendant | CASE NO.: 2:22-CV-03322 MWF (AFMX)<br><br>**NOTICE OF MOTION AND MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>Date:  July 18, 2022<br>Time:  10:00 am<br>Courtroom:  5A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2022, at 10:00 am or as soon thereafter as the matter may be heard in Courtroom 5A of the above-entitled Court located at 350 West First Street Los Angeles, California 90012. Plaintiff will move the above-entitled Court, the Honorable Michael W. Fitzgerald, United States District Judge presiding, for an Order remanding this case to state court in California.

This Motion is brought pursuant to 28 U.S. § 1447 and the grounds identified in the supporting papers including:

(1) The pleadings, on their face, showed a lack of complete diversity. Since the 9th Circuit does not recognize snap removal, removal was improper;

(2) Counsel for John Pierce and Pierce Bainbridge agreed to make a general appearance via stipulation and thus service of the complaint is deemed complete under California law; and

(3) John Pierce, a non-diverse defendant, has also been served via substituted service.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration, the pleadings and papers on file in this action, the matters which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motions.

These Motions are made following counsel for Plaintiffs' correspondence on May, 19, 2022 make the parties aware of this motion and the grounds therefor.

GERARD FOX LAW, P.C.

Dated this 15th day of June, 2022.    /s/ *Gerard P. Fox*
                                       Gerard P. Fox

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brent J. Lehman
*Attorneys for Plaintiffs*
Gustavo Escamilla and Greenway Nutrients, Inc.

1  Gerard P. Fox (SBN 151649)
   gfox@gerardfoxlaw.com
2  Brent J. Lehman (SBN 282149)
   blehman@gerardfoxlaw.com
3  GERARD FOX LAW, P.C.
4  1880 Century Park East, Suite 1410
   Los Angeles, CA 90067
5  (310) 441-0500

6
   Attorney for Plaintiffs,
7  Greenway Nutrients Inc. and Gustavo Escamilla

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10
   | GREENWAY NUTRIENTS, INC., a Colorado Corporation, and GUSTAVO ESCAMILLA, an individual, | CASE NO.: 2:22-CV-03322 MWF (AFMX) |
   |---|---|
   | Plaintiff, | |
   | v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |
   | JOHN MARK PIERCE, an individual; PIERCE BAINBRIDGE, PC, a California professional corporation; WARD DAMON POSNER PHETERSON AND BLEAU, P.L., a Florida limited liability company; PRAVATI CAPITAL, LLC, a Delaware limited liability company; IAN ABAIE, an individual; VIRAGE MASTER LP, a Delaware limited liability company; and DOES 1-25, inclusive, | Date:        July 18, 2022<br>Time:        10:00 am<br>Courtroom: 5A |
   | Defendant | |

Plaintiffs file this motion to remand under 28 U.S.C. § 1447(c).

## I. INTRODUCTION

Plaintiffs are Greenway Nutrients, Inc. and Gustavo Escamilla ("Plaintiffs"). Defendants are John Mark Pierce, Pierce Bainbridge, PC, Ward Damon Posner Pheterson and Bleau, P.L., Pravati Capital, LLC, Ian Abaie, Alex Chucri, Virage Master LP, Virage SPV 1 LLC and DOES 1-25 inclusive ("Defendants").

Defendant Ward Damon Posner, Peterson and Blue, PL's (hereinafter "Ward Damon") removal is a cheap trick designed only to force Plaintiffs to expend unnecessary time and energy fighting their baseless motion to remove this matter to Federal jurisdiction. Importantly, Defendant does not argue that the Complaint lacks a showing of complete diversity, nor does it argue that any of the non-diverse parties were fraudulently joined in order to destroy complete diversity. *McGabe v. Gen. Foods Corp*. (9th Cir. 1987) 811 F.2d. 1336. Instead, Defendant merely argues that the non-diverse parties have not been served.

The entire motion ignores basic facts showing that the case does not have complete diversity. Plaintiffs allege that three separate defendants are citizens of the State of California as well as one of the Plaintiffs. The allegations are on the face of the pleading and readily available for Ward Damon and its counsel to see. Thus, Ward Damon sought removal without any justification simply to drive up expenses and costs for Plaintiffs. Such actions merit sanctions.

Further, Plaintiffs were coordinating with counsel for the non-diverse parties John Pierce and Pierce Bainbridge to allow counsel to accept service on behalf of the parties in exchange for an extension of time for the non-diverse parties to respond to the Complaint. The entire agreement was approved by all parties a few days before Ward Damon filed to remove this case to this Court. By way of this agreement, the non-diverse parties have accepted service and agreed to make a general appearance in state court under California law.

Finally, Plaintiffs served John Pierce, a resident of the State of California, on

May 27, 2022, through substituted service.

## II.  Statement of Facts

On March 21, 2022, Plaintiffs sued Defendants for constructive fraud, breach of fiduciary duty, conspiracy, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, unfair business practices, Tom Bane Civil Rights Act, aiding and abetting securities fraud, and declaratory judgement in Superior Court of the State of California for the County of Los Angeles.

The Complaint is not completely diverse on its face.  Plaintiff Gustavo Escamilla is a resident of the State of California.  Defendant John Pierce is a resident of the State of California.

On April 8, 2022, Ed Altabet contacted Plaintiffs' counsel regarding the Complaint on behalf of John Pierce and Pierce Bainbridge. (Declaration of Brent J. Lehman ¶ 3.) Mr. Altabet and Mr. Lehman discussed the case on or about April 12, 2022. (Declaration of Brent J. Lehman ¶ 4.)  During the telephone conference, counsel agreed to treat each other with professionalism throughout the process. Counsel had further discussions related to acceptance of the Complaint and a stipulation by Defendants related to a briefing schedule for anticipated motions challenging the pleadings. (*Id*.)  The stipulation for additional time to respond was always predicated on the non-diverse parties' acceptance of service of the complaint. (*Id*.)

On April 29, 2022, Mr. Altabet confirmed a proposed schedule was agreed by all Defendants (except Ward Damon). (Declaration of Brent J. Lehman ¶ 5; Exhibit A.) On May 2, 2022, Mr. Lehman asked Mr. Altabet to alter the proposed schedule to accommodate Defendants. (Declaration of Brent J. Lehman ¶ 6; Exhibit B.) On May 9, 2022, Mr. Altabet and Mr. Lehman spoke on the telephone regarding tweaking the proposed stipulation related to the briefing schedule. On May 11, 2022, Mr. Altabet – counsel for the non-diverse defendants – confirmed the new schedule for responsive pleadings, motions, and hearing dates.  (Declaration of Brent J.

Lehman ¶ 7-8; Exhibit C.) Mr. Altabet promised to circulate a stipulation regarding the agreement. (*Id*.) Of course, filing the stipulation would be an appearance by the non-diverse Defendants, John Pierce and Pierce Bainbridge.

According to counsel's declaration On May 13, 2022, Mr. Altabet told counsel for Ward Damon that John Pierce and Pierce Bainbridge had not been served. While this statement is not technically a lie, it is absolutely untruthful. Mr. Altabet should have informed Ward Damon that he had agreed to accept service for the non-diverse parties and was preparing to appear on their behalf. In fact, the non-diverse parties, through Mr. Altabet, stipulated to a general appearance on May 11, 2022, several days before Ward Damon's request to remove. It should have been clear to all Defendants that removal was improper and a waste of judicial resources. (Declaration of Brent J. Lehman ¶ 10.)

Defendant Ward Damon filed its notice of removal on May 16, 2022. On May 19, 2022, counsel for Plaintiffs informed all Defendants of its intention to file this motion and the basis therefore. (Declaration of Brent J. Lehman ¶ 11.)

Plaintiffs have worked diligently to serve John Pierce and Pierce Bainbridge. On May 27, John Pierce was served via substituted service. He was served individually and as the agent for service for Pierce Bainbridge. Even if service on the entity were deemed improper, when the case is remanded to state court, Plaintiffs intend to seek an order allowing Plaintiffs to complete substituted service through the California Secretary of State pursuant to *California Corporations Code* section 1702 and the individual through publication. (Declaration of Brent J. Lehman ¶ 12; Exhibit D.)

### III. LEGAL STANDARD

A court must strictly construe the removal statutes in favor of remand and against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court may remand a case at any time for lack of subject-matter jurisdiction identified in a motion for remand. 28 U.S.C. § 1447(c). If remand is based on lack

of diversity, the plaintiff can move to remand at any time. *Id.* Diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); 28 U.S.C. § 1332(a)(1). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992) (per curium). The law is clear that that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge . . . [i]f no ground for removal is evidenced in that pleading, the case is 'not removable' at that stage." *Harris v. Bankers Life and Cas. Co*. (9th Cir. 2005) 425 F.3d 689, 694.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

### IV. ARGUMENT

Ward Damon is seeking what is known as "snap removal" of this matter. However, the 9th Circuit does not recognize snap removal and all relevant circuit authority dictates that removal was improper based on the four corners of Plaintiff's Complaint. Here, the Court should remand this case to state court because defendant removed based on diversity jurisdiction even though the parties are not completely diverse. Plaintiffs are citizens of California. *See Complaint* ¶¶ 14, 15. Three defendants are also citizens of California, John Mark Pierce, Pierce Bainbridge, PC., and Alexander Chucri. *See Id.,* ¶¶ 16, 17, 20. Therefore, the parties are not diverse. Accordingly, the Court lacks jurisdiction and the case should be remanded to state court.

The law is clear that that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge . . . [i]f no ground for removal is evidenced in that pleading, the case is 'not removable' at that stage." *Harris v. Bankers Life and Cas. Co*. (9th Cir. 2005) 425 F.3d 689, 694. The *Harris* Court makes it clear that the plain

language of the statute demands that a case cannot be removed when the facts on the face of pleading do not show complete diversity.  Harris, a 9th Circuit holding, is controlling in this instance.   Ward Damon's purported authority to the contrary hails from the 3rd Circuit (*Encompass Ins. co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147), 2nd Circuit (*Gibons v. Bristol-Myers Squibb Co.*, 919 F.3d 699), 5th Circuit (*Tex. Brine Co., LLC v. Am. Arbitration Ass'n Inc.*, 955 F.3d 482, 485), and a District Court holding that completely fails to consider the holding of *Harris* (Choi v. General Motors LLC 2021 WL 4133735).  None of these cases overturn the 9th Circuit's presumption against snap removal.

      Ward Damon cannot claim that their inquiry to counsel for the non-diverse Defendants somehow washes away the allegations on the face of the pleading, which is what Ward Damon seeks to do with their declaration.  The 9th Circuit has consistently ruled that extraneous information is not relevant to whether a case is removable. In fact, the 9th Circuit has specifically held that external affidavits are not valid to erase the four corners of the pleadings. *Roth v. CHA Hollywood Medical Center, LP*, (9th Cir. 2013) 720 F.3d 1121, at 1125-1126.

      Further, Ward Damon's removal is based on an untruth.  While the non-diverse parties were not served with the complaint through service of process, the non-diverse parties agreed to appear by proposing and entering into a stipulation for continuance for extended time to respond to the complaint and thus properly waived claims that they had not appeared in the action.  Everything on the record from the non-diverse parties and their counsel, Mr. Altabet, showed an intent on the part of Defendants to submit themselves to the jurisdiction of the state court.  When that happens, California law suggest that the party cannot disclaim proper service. *O'Keefe v. Miller* (1965) 231 Cal.App.2d 920; *See also, California Pine Box & Lumber Co. v. Superior Court* (1910) 13 Cal.App. 65; *Pfeiffer v. Ash* (1949) 92 Cal.App.2d 102.  Further the stipulation contemplated shows an intent by the non-diverse parties to appear generally, not specially, which dictates that the non-diverse

parties were properly joined into the case at the time of removal. Further, the fact that no stipulation was formally filed with the Court does not impact the underlying argument. *See RCA Corp. v. Superior Court* (1975) 47 Cal.App.3d 1007; Roth v. Superior Court (1905) 147 Cal. 604.  The non-diverse parties should be deemed to have properly appeared in state court and thus removal was improper.

The Court should award Plaintiffs costs, expenses, and attorney fees because Defendants' removal of this case was not objectively reasonable. *GranCare, LLC v. Thrower*, 889 F.3d 543, 552 (9th Cir. 2018); see 28 U.S.C. § 1447(c).  Diversity of citizenship was lacking on the face of the complaint, which described the citizenship of each party. Despite this, Defendants inexplicably removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).  Therefore, removal was not objectively reasonable, and Defendants are liable for Plaintiffs' costs, expenses, and attorney fees.

## V.   CONCLUSION

Defendants removed this case based on diversity of citizenship jurisdiction even though complete diversity was lacking on the face of the complaint.  For these reasons, Plaintiffs respectfully request the Court to grant this motion and remand this suit to the state court where it was originally filed.  Plaintiffs further request costs, expenses, and attorney fees as appropriate since removal was not objectively reasonable.

Dated this 15th day of June, 2022.

/s/ Gerard P. Fox
Gerard P. Fox
Brent J. Lehman
GERARD FOX LAW, P.C.
*Attorneys for Plaintiffs*
Gustavo Escamilla and Greenway Nutrients, Inc.