**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CONNIE M. FICKEL, SB# 210286
  E-Mail: Connie.Fickel@lewisbrisbois.com
DAVID M. FLORENCE, SB# 242857
  E-mail: David.Florence@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Ward Damon, erroneously sued as Ward Damon Posner Pheterson and Bleau, P.L.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENWAY NUTRIENTS, INC., a Colorado Corporation, and GUSTAVO ESCAMILLA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN MARK PIERCE, an individual; PIERCE BAINBRIDGE, PC, a California professional corporation; WARD DAMON POSNER PHETERSON AND BLEAU, P.L., A Florida limited liability company; PRAVATI CAPITAL, LLC, a Delaware limited liability company; IAN ABAIE, an individual; ALEX CHUCRI, an individual; VIRAGE MASTER LP, a Delaware limited partnership; VIRAGE SPV-I LLC, a Delaware limited liability company; and DOES 1-25, inclusive,<br><br>Defendants | CASE NO. 2:22-CV-03322<br><br>**DEFENDANT WARD DAMON'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Trial Date:   None Set |

Defendant Ward Damon, erroneously sued as Ward Damon Posner Pheterson and Bleau, P.L., hereby submits its Opposition to Plaintiff Greenway Nutrients, Inc. and Gustavo Escamilla's ("Plaintiffs") Motion to Remand:

/ / /

/ / /

4882-5386-9350.1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................. 2

    A. <u>Plaintiffs' Claims</u> ................................................................................ 2

    B. <u>Ward Damon's Removal</u> .................................................................... 2

    C. <u>Ward Damon's Notice of Removal Was Filed Before Forum Defendants Were Served</u> ................................................................... 3

III. UNDER THE REMOVAL STATUTE'S PLAIN MEANING, REMOVAL OF THIS MATTER BEFORE PLAINTIFF EFFECTED SERVICE ON THE FORUM DEFENDANT WAS PROPER ........................ 4

IV. NINTH CIRCUIT AUTHORITY RELIED UPON BY PLAINTIFFS CONCERNING DIVERSITY JURISDICTION IS IRRELEVANT TO THE ISSUE OF SNAP REMOVAL ................................................................ 8

V. COMMUNICATIONS BETWEEN DEFENSE COUNSEL AND THE TENTATIVE AGREEMENT BETWEEN PLAINTIFFS AND FORUM DEFENDANTS ARE IRRELEVANT ............................................. 9

VI. ASSUMING *ARGUENDO,* THE COURT REMANDS THE CASE, SANCTIONS ARE NOT WARRANTED ...................................................... 11

VII. CONCLUSION……………………………………………………,,,,,,,,,,,,,,,,,,,12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Baiul v. NBC Sports*,
    732 Fed. Appx. 529 (9th Cir. 2018) ................................................................... 6

*Caminetti v. United States*,
    242 U.S. 470 (1917) .......................................................................................... 8

*Choi v. GM LLC*,
    2021 U.S. Dist. LEXIS 172291 (C.D. Cal. 2021) ......................................... 4, 5

*Colo. Seasons, Inc. v. Friedenthal*,
    2020 U.S. Dist. LEXIS 84645 (C. D. Cal. 2020) ...................................... 5, 6, 7

*Dechow v. Gilead Scis., Inc.*,
    358 F. Supp. 3d 1051 (C.D. Cal. 2019) ............................................................ 5

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ............................................................................ 6

*Emrich v. Touche & Ross & Co.*,
    846 F.2d 1190 (9th Cir. 1988) .......................................................................... 6

*Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*,
    902 F.3d 147 (3d Cir. 2018) ..................................................................... 4, 6, 9

*Gibbons v. Bristol-Myers Squibb Co.*,
    919 F.3d 699 (2d Cir. 2019) ................................................................. 4, 6, 7, 9

*GranCare, LLC v. Thrower*,
    889 F.3d 543 (9th Cir. 2018) .......................................................................... 11

*Harris v. Bankers Life and Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ............................................................................ 8

*Hunter v. Philip Morris USA*,
    582 F.3d 1039 (9th Cir. 2009) .......................................................................... 8

*Jacob v. Mentor Worldwide, LLC*,
    393 F. Supp. 3d 912 (C.D. Cal. 2019) .......................................................... 5, 7

*Loewen v. McDonnell*,
 2019 U.S. Dist. LEXIS 94613 (N.D. Cal. 2019) ................................................... 5

*May v. Haas*,
 U.S. Dist. LEXIS 148972 (E.D. Cal. 2012) ......................................................... 5

*Morris v. Princess Cruises, Inc.*,
 236 F.3d 1061 (9th Cir. 2001) ............................................................................. 8

*Roth v. CHA Hollywood Medical Center, LP*,
 720 F.3d 1121 (9th Cir. 2013) ............................................................................. 9

*S.W.S. Erectors, Inc., v. Infax, Inc.*,
 72 F.3d 489 (5th Cir. 1996) ................................................................................. 9

*Tex. Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*,
 955 F.3d 482 (5th Cir. 2020) ..................................................................... 4, 6, 7, 9

*Woods v. Ross Dress for Less, Inc.*,
 833 Fed. Appx. 754 (10th Cir. 2021) ............................................................ 6, 7, 8

*Zirkin v. Shandy Media, Inc.*,
 2019 U.S. Dist. LEXIS 24540 (C.D. Cal. 2019) ................................................. 5

**California Cases**

*California Pine Box & Lumber Co. v. Superior Court*,
 13 Cal.App. 65 (1910) ....................................................................................... 11

*O'Keefe v. Miller*,
 231 Cal.App.2d 920 (1965) ............................................................................... 10

*Pfeiffer v. Ash*,
 92 Cal.App.2d 102 (1949) ................................................................................. 11

*RCA Corp. v. Superior Court*,
 47 Cal.App.3d 1007 (1975) ............................................................................... 11

*Roth v. Superior Court of Los Angeles County*,
 147 Cal. 604 (1905) ........................................................................................... 11

**Federal Statutes**

28 U.S.C.
 § 1332 .................................................................................................................. 2, 6
 § 1441 .............................................................................................................. *passim*
 § 1446 ................................................................................................................ 2, 12

**Other Authorities**

H.R. 5801 ..................................................................................................................... 8

4882-5386-9350.1

iv

DEFENDANT WARD DAMON'S OPPOSITION TO MOTION TO REMAND

## I. INTRODUCTION

Plaintiffs' Motion to Remand does not dispute that Ward Damon's Notice of Removal cites an opinion from the Central District affirming snap removal. Plaintiffs' Motion to Remand does not dispute that at the time Ward Damon filed and served its removal, no California defendants in this action were served. And Plaintiffs did not and cannot cite to any authority disapproving of snap removal from the Ninth Circuit Court of Appeal, because there is none. Accordingly, Ward Damon's snap removal was appropriate.

The fact that Plaintiffs' counsel claims to have had a tentative agreement that provided that if certain defendants were granted an extension to respond to the Complaint, they would then accept service does not change the fact that at the time Ward Damon removed the case, no California defendants had been served. Accordingly, snap removal was appropriate.

Additionally, Plaintiffs' Motion cites only to authority concerning diversity jurisdiction generally without reference to snap removal. In other words, Plaintiffs' Motion is premised entirely upon inapposite authority.

The Forum-Defendant Rule set forth in 28 U.S.C. § 1441(b)(2) that a defendant cannot remove on the basis of diversity jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought," can only apply on its face if the California defendant was both joined *and served*. The only fact that matters here is whether at the time of removal any forum defendants had been served. Again, Plaintiffs admitted in their Motion to Remand that there were no California defendants both properly joined *and served* when Ward Damon filed and served the Notice of Removal. Accordingly Plaintiff's Motion to Remand must be denied.

/ / /

/ / /

/ / /

4882-5386-9350.1

1

DEFENDANT WARD DAMON'S OPPOSITION TO MOTION TO REMAND

## II. STATEMENT OF FACTS

### A. Plaintiffs' Claims

On March 21, 2022, Plaintiffs filed the Complaint against Ward Damon and other Defendants in the Superior Court of California, County of Los Angeles. ECF 1-1, Ex. A. The Complaint alleges: (1) constructive fraud against all Defendants; (2) breach of fiduciary duty against Defendants Pierce, Pierce Bainbridge, and Ward Damon; (3) conspiracy against Defendants Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (4) aiding and abetting fraud against Defendants Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (5) aiding and abetting fraud against Defendants Pierce, Pierce Bainbridge, and Ward Damon; (6) aiding and abetting breach of fiduciary duty against Defendants Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (7) unfair business practices against Defendants Pravati, Chucri, Abaie, Virage Master, LP, and Virage SPV-1, LLC; (8) Tom Bane Civil Rights Act against all Defendants; (9) aiding and abetting securities fraud against all Defendants; and (10) declaratory judgment against all Defendants. *Id.* The Complaint seeks damages exceeding $25 million, plus punitive damages, attorneys' fees, expenses, costs, and prejudgment interest. *Id.,* ¶ 298.

### B. Ward Damon's Removal

On Monday, May 16, 2022, Ward Damon removed this case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF 1. In the Notice of Removal, Ward Damon asserted that Plaintiffs are seeking damages in excess of $75,000, and that Plaintiffs are residents of the State of California. *Id.*, ¶¶ 6, 12-14. Ward Damon further asserted that it is incorporated in the State of Florida and that its principal place of business was in the State of Florida. *Id.*, ¶ 7.

/ / /

/ / /

/ / /

Also, on Monday, May 16, 2022, Defendants Pierce and Pierce Bainbridge's counsel, Ed Altabet, informed Ward Damon's counsel that Pierce and Pierce Bainbridge had not been served.[1] ECF 1-1, ¶ 9. Apparently, on Wednesday, May 11, 2022, which was three business days earlier, Mr. Altabet sent Plaintiffs' counsel and other counsel an email stating that if the recipients agreed with certain proposed deadlines, a stipulation would be circulated [Ward Damon's counsel was not on the email]. ECF, 12-4. Plaintiffs reference no subsequent communications concerning the tentative agreement and proceeded to serve Pierce and Pierce Bainbridge by substituted service on May 27, 2022 – 11 days after Ward Damon filed its Notice of Removal. ECF 12-1, ¶ 12; ECF 12-5.

### C. Ward Damon's Notice of Removal Was Filed Before Forum Defendants Were Served

Plaintiffs named eight defendants in this dispute. Of those, three are alleged to be located in California such that would be "forum defendants" under 28 U.S.C. § 1441(b)(2): Defendants John Mark Pierce, Pierce Bainbridge, PC, and Alexander Chucri (collectively, the "Forum Defendants"). *See* ECF 1, Ex. A, ¶¶ 16-23.

Plaintiffs admit that none of the Forum Defendants were served **before** removal; specifically, Plaintiffs admit that Pierce and Pierce Bainbridge, PC were served with the Complaint via substituted service on May 27, 2022, and Plaintiffs do not address when or if Chucri has been served (Ward Damon confirmed in its declaration in support of the Notice of Removal that Chucri, who nonetheless is not even a California resident according to his counsel despite Plaintiffs' averment to the contrary, had not been served). *See* ECF 12 at p. 7:10:16-18; *see also* ECF 1-1,

---

[1] Plaintiffs' Opposition states this communication was on May 13, 2022; however as stated in the Declaration in Support of the Notice of Removal, the communication occurred on May 16, 2022 – the day the Notice of Removal was filed. Moreover, as the Forum Defendants had not yet been served or appeared in the action, Ward Damon's counsel had no obligation to communicate with Mr. Altabet before filing the Notice of Removal. *Compare* ECF 1-1, ¶ 9 with ECF 12-1, ¶ 9.

¶¶ 8, 9.

### III. UNDER THE REMOVAL STATUTE'S PLAIN MEANING, REMOVAL OF THIS MATTER BEFORE PLAINTIFF EFFECTED SERVICE ON THE FORUM DEFENDANTS WAS PROPER

"Snap removal," the issue before the Court here, relates to 28 U.S.C. § 1441(b)(2), which provides that "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Snap removal refers only to the process, upheld by opinions from the Central District, under which a case is removed to federal court before a defendant who is resident in the state is served. *See, e.g., Choi v. GM LLC*, 2021 U.S. Dist. LEXIS 172291, at *6-9, 14 (C.D. Cal. 2021) ["Certainty follows from application of the plain language of a statute"] citing *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.,* 902 F.3d 147, 152-154 (3d Cir. 2018) [the Forum Defendant Rule unambiguously precludes removal on the basis of in-state citizenship when a defendant has been properly joined ***and served***, but it does not preclude even ***forum defendants*** from removing a case if they have not been served]; *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) [***forum defendants*** properly removed action before being served]; *Tex. Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) [removal was appropriate where a non-forum defendant removed a case before a forum codefendant (whose presence would trigger the forum-defendant rule) was served].

> If Plaintiffs and those sharing their view believe that this leaves open an avenue for a defendant to engage in "gamesmanship" by monitoring the state courts' dockets with a hawk's-eye view, or that reading the statute as is proposed here conflicts with the general purposes of diversity jurisdiction, their recourse is through further amendment of the statute, not inexact standards based upon words and/or principles that do not actually appear in the statute.

*Choi v. GM LLC,* 2021 U.S. Dist. LEXIS 172291, at *14-15.

Several other recent decisions from Ninth Circuit District Courts also

affirmed snap removal. *See Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at * 9-10 (C. D. Cal. 2020) ["where these competing purposes -- preventing gamesmanship and providing a bright-line rule -- are present, permitting snap removal is not an absurd result that warrants a departure from the language of the statute"]; *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920-21 (C.D. Cal. 2019) ["this rule may create a race to serve, but absent any dispositive ruling regarding the forum defendant rule, the Court adopts the plain meaning of statutory text"]; *Zirkin v. Shandy Media, Inc.*, 2019 U.S. Dist. LEXIS 24540, at *2 (C.D. Cal. 2019) [***forum defendants*** properly removed the case before being served, as the statute plainly requires **service** before barring removal]; *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) [the Forum Defendant Rule "precludes removal only when the in-state defendant has been both properly joined ***and properly served*** in the action prior to removal"]; *Allen v. Eli Lilly and Co.*, 2010 U.S. Dist. LEXIS 92089, at *2-3 (S.D. Cal. 2010) [upheld snap removal when non-forum defendant removed before forum defendant was served despite the fact that "the removal statute is strictly construed against removal jurisdiction"); *Loewen v. McDonnell*, 2019 U.S. Dist. LEXIS 94613, at *7-10, 17 (N.D. Cal. 2019) [the court has "consistently held that a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim"]; *May v. Haas*, U.S. Dist. LEXIS 148972, at *2-4, 8 (E.D. Cal. 2012) [non-forum defendant removed before forum defendant was served, and the court noted that removal occurred 28 days after complaint was filed and defendant had not raced to courthouse - i.e., there was no gamesmanship.][2]

Critically, this interpretation of the Forum Defendant Rule is also consistent with the Ninth Circuit's interpretation of the same language in a closely related

---

[2] Similarly, Ward Damon was purportedly served on April _,. 2022, and it filed its Notice of Removal ___ days later on May 16, 2022.

statute - § 1446(b) – which concerns consent to remove. *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at * 10.

> Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." This is commonly referred to as the unanimity rule, which is another non-jurisdictional, procedural requirement for removal. In applying § 1446(b)(2)(A), the Ninth Circuit interpreted "properly joined and served"" to permit removal by a served defendant prior to the service of, and consent to removal by, another defendant. *Baiul v. NBC Sports*, 732 Fed. Appx. 529, 530-31 (9th Cir. 2018). This interpretation is consistent with previous practice in the Ninth Circuit before the specific language of § 1446(b)(2)(A) was enacted. *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Emrich v. Touche & Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). This interpretation could permit some gamesmanship by a defendant who has been served. Such a party could remove an action prior to service of a co-defendant who may not have consented to removal.

*Id.* at *10-11.

It would be absurd to interpret the exact same language, contained within the same statutory scheme, in the opposite manner here.

Further, three of the four courts of appeals that have looked at the snap removal issue recently – the Ninth Circuit has not – all agree that Section 1441(b)(2) explicitly allows removal before service on forum defendants. *See Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n*, 955 F.3d 482, 486-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone*, 902 F.3d 147, 152 (3d Cir. 2018).[3] The Fifth Circuit observed that:

> We look for both plain meaning and absurdity. By Section 1441(b)(2)'s terms, this case would not have been removable had the forum defendants been "properly joined and served" at the time of

---

[3] *Woods v. Ross Dress for Less, Inc.*, 833 Fed. Appx. 754, 756 (10th Cir. 2021) concluded that the district court lacked removal jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1), because Plaintiff and the un-served store manager were both citizens of Oklahoma – the forum state. However, the 10th Circuit entirely ignored the plain language of Section 1441(b)(2) requiring a forum defendant to be both joined **and served** before removal is barred. The court gave short shrift to Section 1441(b)(2) and merely looked to the lack of diversity under Section 1332(a)(1), essentially re-writing the statute. *Id.*

removal. Minyard and DiLeo had not been served, though. When the AAA filed its notice of removal, the case was "otherwise removable" – as required by Section 1441(b) – because the district court has original jurisdiction of a case initially filed in Louisiana state court in which the parties are diverse. § 1441(a); § 1332(a). The forum-defendant rule's procedural barrier to removal was irrelevant because the only defendant "properly joined and served," the AAA, was not a citizen of Louisiana, the forum state. *See* § 1441(b)(2). We agree with a comment made by the Second Circuit: "**By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action**."

*Tex. Brine Co.,* 955 F.3d at 486-87 quoting *Gibbons*, 919 F.3d at 705 (emphasis added).

Given that the Ninth Circuit has already interpreted the exact same language "properly joined **and served**" in the manner that Ward Damon urges, and that interpretation is binding, this court should follow the Second, Third, an and Fifth Circuits – not the Tenth Circuit.

In sum, pursuant to the plain language of the statute, Section 1441(b)(2) does not apply unless a forum defendant is served. "A contrary interpretation would, in effect, either read "served" out of the statute or read into it a requirement of a fact-intensive inquiry to determine whether there was a reasonable opportunity for service of the unserved defendant prior to removal." *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at * 11. When there is no evidence before the court suggesting it was impossible for a plaintiff to serve forum defendants before removal, such as the court failing to issue a summons to a forum defendant, the plain meaning of the statutory text of Section 1441(b)(2) does not bar removal, even if "this rule may create a race to serve." *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d at 920-21.

Moreover, when considering the Tenth Circuit opinion in *Woods* rejecting snap removal, the court should also consider that unless the statute is changed by the legislature, it should be reluctant to disregard the plain language of the statue. The

Court can only interpret the statute as written; it cannot rewrite it.[4] *Caminetti v. United States*, 242 U.S. 470, 485 (1917). *Woods* attempts to re-write the plain language of Section 1441(b)(2). If Plaintiff's Motion to Remand is granted, re-writing Section 1441(b)(2) is exactly what the court would be doing.

Here, Plaintiffs' damages allegations far exceed the $75,000 jurisdictional limit, Ward Damon, from Florida, is diverse, and Plaintiffs have admitted that no Forum Defendants were served when the case was removed to this Court. Several recent decisions from the Central District have followed the rationale set forth in authority from the Second, Third, and Fifth Circuit Court of Appeals allowing snap removal when no forum defendants were served at time of removal. Thus, snap removal is appropriate, and Plaintiffs' Motion to Remand should be denied.

## IV. NINTH CIRCUIT AUTHORITY RELIED UPON BY PLAINTIFFS CONCERNING DIVERSITY JURISDICTION IS IRRELEVANT TO THE ISSUE OF SNAP REMOVAL

Plaintiffs have cited three Ninth Circuit Court of Appeal for the proposition that in sum, there is a strong presumption against removal based on diversity of citizenship. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). While all these opinions concern diversity jurisdiction, none of them discuss snap removal based on the plain language of Section 1441(b)(2). *Id.* Moreover, all of them pre-date the recent Second, Third, and Fifth Circuit Court of Appeal opinions relied upon by

---

[4] In fact, the debate over snap removal has even entered Congress with the introduction of The Removal Jurisdiction Clarification Act of 2020 (H.R. 5801), which seeks to codify a "snapback" provision in which a district court must remand a snap removal case upon motion by the plaintiff. *See* https://www.congress.gov/bill/116th-congress/house-bill/5801/text. The bill is currently sitting in the House Committee on the Judiciary, having been referred to the Subcommittee on Courts, Intellectual Property, and the Internet. The fact that Congress is considering such a clarification, it further confirms the Court, by granting Plaintiffs' Motion to Remand, would be engaging in rewriting the plain language of a statute.

Central District opinions in affirming the snap removal process on several occasions. *See Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n*, 955 F.3d 482, 486-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone*, 902 F.3d 147, 152 (3d Cir. 2018). As stated in *Tex. Brine Co.,* 955 F.3d at 487, "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." As such, Plaintiffs' Motion to Remand should be denied.

## V. COMMUNICATIONS BETWEEN DEFENSE COUNSEL AND THE TENTATIVE AGREEMENT BETWEEN PLAINTIFFS AND FORUM DEFENDANTS ARE IRRELEVANT

Plaintiffs rely upon *Roth v. CHA Hollywood Medical Center, LP*, 720 F.3d 1121, 1125-1126 (9th Cir. 2013) to argue that the declaration in support of the Notice of Removal, as it relates to the communications among all Defendants' counsel confirming no service of the complaint, should not be admissible to support Ward Damon's snap removal. In the portion of the *Roth* opinion cited by Plaintiffs, the Ninth Circuit was discussing a Fifth Circuit opinion concerning an affidavit filed in support of a Notice of Removal. *Id.* Specifically, the issue in the Fifth Circuit opinion was whether an affidavit stating that the alleged damages exceeded the amount in controversy requirement amounted to an "other paper," as permitted by Section 1446(b)(3), to commence a new 30 day period to file a notice of removal. *Id.* The court in *Roth* then indicated that when considering the Fifth Circuit decision in context, the Fifth Circuit was merely suggesting "that a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant." *Id.* at 1126 citing *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 491 (5th Cir. 1996).

Plaintiffs' reliance on the discussion of an "other paper" in *Roth,* which was

nonetheless misconstrued in Plaintiffs' Motion to Remand, has no bearing on the issue before this court concerning snap removal. The declaration filed in support of Ward Damon's Notice of Removal was proper. The declaration was not filed as "other paper" to support a claim that new a 30 day period for removal commenced pursuant to Section 1446(b)(3). Rather, the declaration addressed among other items, the citizenship of all parties, the amount in controversy, the fact that no defendants had filed an answer, and that counsel for the other defendants confirmed that none of the defendants had been served by Plaintiffs. ECF 1-1. The declaration also confirmed, objectively, by the docket from the Superior Court that no defendants had been served or had answered Plaintiffs' Complaint. *Id.* This is not disputed by Plaintiffs, and without service of the Complaint, Ward Damon did not even have an obligation to communicate anything with other counsel before filing the Notice of Removal.

What is alleged in the "four corners of the complaint" regarding the residences of the Defendants, as argued in Plaintiffs' Motion to Remand, does not eliminate the requirement of service as stated in Section 1441(b)(2). Again, there is no dispute that none of the Forum Defendants were served at the time the Notice of Removal was filed.

Further, additional authority cited by Plaintiffs does not support Plaintiffs' argument that a tentative agreement with the Forum Defendants, Pierce and Pierce Bainbridge, means that they should be deemed to have appeared in the action (notwithstanding that Plaintiffs admit: (1) no stipulation was filed before the Notice of Removal was filed but rather, it was preliminarily discussed between counsel; and (2) Pierce and Pierce Bainbridge were served via substituted service on May 27, 2022 – 11 days after the removal was filed).

Contrary to the undisputed facts here, the first three cases relied upon by Plaintiffs concerning this argument address an actual appearance by a party with an executed and filed stipulation. *See O'Keefe v. Miller,* 231 Cal.App.2d 920 (1965);

*California Pine Box & Lumber Co. v. Superior Court,* 13 Cal.App. 65 (1910); *Pfeiffer v. Ash,* 92 Cal.App.2d 102 (1949). Plaintiffs' later reliance on *RCA Corp. v. Superior Court*, 47 Cal.App.3d 1007 (1975) for the proposition that a filed stipulation is not required for an appearance is misplaced. That case involved two facts ***not present*** here: (1) a summons was served but not returned; and (2) a stipulation was ***signed*** by both counsel but unfiled (as opposed to as here, discussed via email without an actual stipulation drafted by either counsel). *Id.* at 1009-10. Likewise, *Roth v. Superior Court of Los Angeles County,* 147 Cal. 604 (1905), another case relied upon by Plaintiffs, concerned an unfiled signed stipulation between the parties' counsel. *Id.* at 605.

In sum, based on the plain language of Section 1441(b)(2), without service of the Forum Defendants, snap removal was proper. Unlike the authority relied upon by Plaintiffs, there was no signed stipulation, filed or not, with any Forum Defendant. There was only a discussion about a possible stipulation. No authority has been offered to suggest a preliminary discussion about a stipulation constitutes an appearance in an action waiving the need for service. Further, Plaintiffs completing substituted service on Forum Defendants, Pierce and Pierce Bainbridge on May 27, 2022, 11 days after the Notice of Removal was filed, is a further acknowledgment that the stipulation was in fact not formally agreed to prior to the Notice of Removal being filed. As such, Plaintiffs' Motion to Remand should be denied.

## VI. ASSUMING *ARGUENDO,* THE COURT REMANDS THE CASE, SANCTIONS ARE NOT WARRANTED

Plaintiffs cite *GranCare, LLC v. Thrower*, 889 F.3d 543, 552 (9th Cir. 2018) to justify monetary sanctions if Plaintiffs' Motion to Remand is granted. However, sanctions are only appropriate if removal of the case was objectively unreasonable. *Id.*

Here, Ward Damon has cited multiple recent opinions from the Central

District where snap removal was affirmed. It cannot be disputed that the amount alleged to be in controversy exceeds $75,000 required for diversity jurisdiction, as Plaintiffs claim their damages exceed $25 million. It cannot be disputed that Ward Damon is a Florida defendant and is thus, diverse. It cannot be disputed that none of the Forum Defendants were served. It cannot be disputed that a discussion of a possible stipulation that was never drafted would not deem Forum Defendants, Pierce and Pierce Bainbridge, to have been served prior to the Notice of Removal being filed (notwithstanding that counsel for Ward Damon was not privy to any communication between counsel concerning a tentative agreement and was only informed by Pierce and Pierce Bainbridge's counsel that they had not yet appeared in the action).

On its face, the Notice of Removal was not objectively unreasonable, and Plaintiffs' request for sanctions should be denied if the Court were to grant Plaintiffs' Motion to Remand.

### VII.  CONCLUSION

The record demonstrates that Ward Damon properly removed this action in accordance with the plain meaning of 28 U.S.C. § 1441(b)(2). There was no gamesmanship on Ward Damon's part. Moreover, because Ward Damon complied with 28 U.S.C. § 1446(d), removal was effective as of May 16, 2022, when it filed the Notice of Removal in this Court. For these reasons, the Court should deny the Motion to Remand and grant Ward Damon such other and further relief as the Court deems just and appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | | |
|---|---|---|
| 1 | DATED: June 27, 2022 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 2 | | |
| 3 | | By: ***/s/ David M. Florence*** |
| | | David M. Florence |
| 4 | | Attorneys for Defendant Ward Damon, erronesouly sued as Ward Damon Posner Pheterson and Bleau, P.L. |
| 5 | | |