UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03322-MWF (AFMx)        **Date:  December 6, 2022**
Title:    Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                    Court Reporter:
Rita Sanchez                     Not Reported

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
None Present                      None Present

**Proceedings (In Chambers):**        ORDER GRANTING MOTION TO REMAND
                                     AND AWARDING SANCTIONS

Before the Court is Plaintiffs Greenway Nutrients, Inc. ("Greenway") and
Gustavo Escamilla's Motion (the "Motion"), filed on June 15, 2022.  (Docket No. 12).
Defendant Ward Damon Posner Pheterson and Bleau, P.L. ("Ward Damon") filed an
Opposition on June 27, 2022.  (Docket No. 13).  No Reply was filed.

The Motion was noticed to be heard on **July 18**, **2022**.  The Court read and
considered the papers on the Motion and deemed the matter appropriate for decision
without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was
therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing
was also consistent with General Order 21-08 and Order of the Chief Judge 21-124
arising from the COVID-19 pandemic.

The Motion is **GRANTED**.  There is not complete diversity between the parties,
and removal prior to service of the non-diverse defendants does not grant the Court
jurisdiction.

## I.    BACKGROUND

Plaintiff initiated this action in Los Angeles County Superior Court on March
21, 2022.  (*See* Complaint (Docket No. 1-1)).  Defendant removed the action to federal
court on May 16, 2022.  (*See* Docket No. 1 ("NoR") at 1).  The Court includes a brief
summary of the extensive allegations in the Complaint below solely for the purposes of
this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03322-MWF (AFMx)            Date:  December 6, 2022

Title:     Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

In the Complaint, Plaintiff Escamilla alleges he is a small business owner who developed and formulated the products of Plaintiff Greenway.  (*See* Complaint ¶ 2). Plaintiff alleges millions of dollars' worth of products, intellectual property, and the business model of Greenway were stolen by David Dragan Selakovic, among other crimes purportedly committed by Selakovic.  (*See id.*).

Plaintiffs allege they engaged John Pierce, of Pierce Bainbridge Beck Price & Hecht, LLP ("Pierce Bainbridge"), to help them pursue civil claims against Selakovic, his allegedly criminal enterprise, and Greenway's former attorneys.  (*See id.* ¶¶ 6–7). However, Plaintiffs allege Pierce Bainbridge was severely indebted to Defendant Pravati Capital, LLC ("Pravati"), and subsequently to Virage Master, LP and Virage SPV-1, LLC, which Plaintiff alleges were collectively responsible for Pierce Bainbridge's manufacture of a fabricated conflict of interest and eventual withdrawal from representation of Greenway, lest they require Pierce Bainbridge's debt become due, causing millions of dollars in damage to Greenway.  (*See id.* ¶¶ 8–11).  Defendant Ward Damon was local counsel for Pierce Bainbridge.  (*See id.* ¶ 34).

Plaintiffs bring claims for relief for constructive fraud, breach of fiduciary duty, conspiracy, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, unfair business practices, violation of the Tom Bain Civil Rights Act, and aiding and abetting securities fraud.  (*See id.* ¶¶ 281–403).  Plaintiffs seek declaratory relief as well as praying for relief in the form of actual, punitive, and presumed damages, costs, attorney's fees, and interest.  (*See id.* ¶¶ 404–13, at p. 100).

## II.    **LEGAL STANDARD**

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03322-MWF (AFMx)          Date:  December 6, 2022

Title:      Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

1087, 1089 (N.D. Cal. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

## III.   **DISCUSSION**

### A.   **Removal**

Plaintiffs move to remand on the basis that the Court lacks diversity jurisdiction because there is not complete diversity between the parties, as Plaintiffs and three Defendants are citizens of California, and Ward Damon improperly sought "snap removal."  (*See* Motion at 4).  Plaintiffs argue Ward Damon disregarded relevant authority and knew the non-diverse parties, though not served, agreed to appear in state court.  (*See id.* at 4–5).  Plaintiffs also request sanctions, arguing the removal was not objectively reasonable.  (*See id.* at 6).

Ward Damon argues removal was proper because no non-diverse party had been served before removal, snap removal is permissible in the Central District, and Plaintiffs' cited authority is inapposite.  (*See* Opposition at 2–9).  Ward Damon further argues that any putative agreements between Plaintiffs and the forum Defendants are irrelevant.  (*See id.* at 9–11).  The Opposition also contests the propriety of sanctions. (*See id.* at 11–12).

Ward Damon's argument is misguided.  It is plain that a "lack of complete diversity deprives the Court of subject matter jurisdiction."  *Shaw v. Nike Retail Servs., Inc.*, CV 21-4322-SB (MRWx), 2021 WL 2920612, at *2 (C.D. Cal. July 9, 2021) (citing *Moises v. Par Pac. Holdings, Inc.*, No. CV 20-00533 JAO-RT, 2021 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03322-MWF (AFMx)              Date:  December 6, 2022
Title:      Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

600951, at *1 n.2 (D. Haw. Feb. 16, 2021)).  "[W]hen evaluating whether diversity
exists, a court cannot ignore a defendant's citizenship simply because the defendant
has not yet been served."  *Id.* (citing *Lovett v. Bright Horizons Children's Ctr., LLC*,
No. SA-20-CV-688-XR, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020); Wright
& Miller, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.) ("A party whose
presence in the action would destroy diversity must be dropped formally, as a matter of
record, to permit removal . . . It is insufficient, for example, that service of process
simply has not been made on a non-diverse party")).

Accordingly, the Court must consider the citizenship of all Defendants in
evaluating diversity jurisdiction, regardless of any service issues.  This consideration
makes clear that the Court does not have diversity jurisdiction because of the presence
of non-diverse Defendants, including, at minimum, Plaintiff Escamilla and Defendant
Pierce, who are both residents of California.  (*See* Motion at 2).

Other courts have uniformly held the same – *e.g.*, that the Court may not
exercise diversity jurisdiction solely because only diverse defendants have been served,
while non-diverse defendants have not been served.  *See*, *e.g.*, *Ross v. United Airlines,
Inc.*, CV 22-1532-SB (GJSx), 2022 WL 1302680, at *2–*3 (C.D. Cal. April 30, 2022)
("[T]he Ninth Circuit held long ago that the issue of service on a defendant is irrelevant
for the purposes of determining complete diversity under § 1332(a)" (citing *Clarence
E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969))), *Woolfender v. Target
Corp.*, SACV 21-1616-DOC (DFMx), 2021 WL 6618635, at *2 (C.D. Cal. Nov. 16,
2021) ("[A]s Judge Pfaelzer noted in *Mozilo*, allowing the 'snap removal' advocated
for by *Target* "would eviscerate the purpose of the forum defendant rule" by allowing
"removability to turn on the timing of service rather than the diversity of the parties"
(quoting *Mass Mut. Life Ins. Co. v. Mozilo*, CV 12-3613-MRP (MANx), 2012 WL
11047336, at *2 (C.D. Cal. June 28, 2012))), *Gralnik v. DXC Tech., Inc.*, CV 21-7436-
GW (JCx), 2021 5203333, at *3 (C.D. Cal. Nov. 8, 2021) ("[T]he Court still has a duty
to ensure that it maintains subject-matter jurisdiction over the matter.  And the Court is
deprived of subject-matter jurisdiction in the absence of complete diversity among the
parties").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-03322-MWF (AFMx)**                    **Date:  December 6, 2022**
Title:       Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

Ward Damon's cited Central District authority is uniformly distinguishable because in each case, the parties were completely diverse.  For example, Ward Damon cites *Choi v. Gen. Motors, LLC* to support its snap removal.  *See* CV 21-5925-GW (MRWx), 2021 WL 4133735, at *2–*3 (C.D. Cal. Sept. 9, 2021).  However, as noted by Judge Wu, "the situation in *Choi* was distinguishable *because there was no issue concerning the existence of complete diversity* . . . diversity was never an issue because the *Choi* plaintiffs were all citizens of Colorado."  *Gralnik*, 2021 WL 5203333, at *3 (citing *Choi*, 2021 WL 4133735, at *5) (emphasis added).  As stated above, there is not complete diversity between the parties here due to the presence of non-diverse Plaintiff Escamilla and Defendant Pierce.  Ward Damon does not argue that any of the non-diverse parties' citizenships should be disregarded for fraudulent joinder.

Ward Damon's other cited Central District authority fares no better for the same reason – complete diversity was not an issue.  In *Colo. Seasons, Inc. v. Friedenthal*, the plaintiff was a citizen of Colorado, and the defendants were citizens of California, Indiana, and Connecticut, and therefore completely diverse.  *See* CV 19-9050-JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, at *3 (C.D. Cal. May 13, 2020).  In *Jacob v. Mentor Worldwide, LLC*, diversity jurisdiction existed because the non-diverse defendant was fraudulently joined – an issue, as mentioned above, that Ward Damon did not raise.  *See* 393 F. Supp. 3d 912, 920–22 (C.D. Cal. Aug. 1, 2019).  Similarly, in *Zirkin v. Shandy Media, Inc.*, the Court noted that in the notice of removal, "Defendants established jurisdiction which was not challenged by the Plaintiff."  CV 18-9207-ODW (SSx), 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019).  *Dechow v. Gilead Sciences, Inc.* is no different:  "[t]he parties do not dispute that complete diversity exists between Plaintiffs and Defendant."  358 F. Supp. 3d 1051, 1053 (C.D. Cal. 2019).

For the same reasons, the authority provided from the Fifth, Second, and Third Circuits is inapplicable here.  *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff"), *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 n.2 (2d Cir. 2019) ("The parties do not contest that the plaintiffs in all fifteen actions now before this Court are diverse from Defendants"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03322-MWF (AFMx)                    Date:  December 6, 2022

Title:       Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 150, 152 (3d Cir. 2018)
(Email between counsel indicating parties were diverse and Third Circuit noting that
when "federal jurisdiction is premised only on diversity of the parties, the forum
defendant rule applies").

The issue in this remand is not whether, for example, the applicability of the
forum-defendant rule if Defendant Pierce had attempted to remove prior to service, but
solely whether the Court has jurisdiction over the parties.  Because the non-diverse
nature of the parties is clear from the face of the Complaint, and Ward Damon makes
no argument that non-diverse parties are fraudulently joined, the Court lacks
jurisdiction.

The Motion to Remand is therefore **GRANTED**.  The Court next considers
Plaintiffs' request for sanctions

### B.    Sanctions

"Absent unusual circumstances, a court may award costs and attorney's fees
under § 1447(c) only where the removing party lacked an objectively reasonable basis
for seeking removal."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543,
552 (9th Cir. 2018) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).
"Removal is not objectively unreasonable 'solely because the removing party's
arguments lack merit, or else attorney's fees would always be awarded whenever
remand is granted."  *Id.* (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062,
1065 (9th Cir. 2008)).

In this instance, the Court must conclude that Ward Damon's removal was
objectively unreasonable, both for legal and policy reasons.

First, a cursory examination of the most recent "snap removal" cases in this
District makes immediately clear that it is wholly improper to remove, "snap" or
otherwise, where it is readily apparent that the Court lacks jurisdiction because the
parties are non-diverse.  *See, e.g.*, *Ross*, 2022 WL 1302680, at *2–*3 ("[T]he Ninth
Circuit held long ago that the issue of service on a defendant is irrelevant for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03322-MWF (AFMx)              Date:  December 6, 2022

Title:      Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

purposes of determining complete diversity under § 1332(a)" (citing *Clarence E. Morris*, 412 F.2d at 1176)), *Woolfender*, 2021 WL 6618635, at *2 ("[A]s Judge Pfaelzer noted in *Mozilo*, allowing the 'snap removal' advocated for by *Target* "would eviscerate the purpose of the forum defendant rule" by allowing "removability to turn on the timing of service rather than the diversity of the parties" (quoting *Mass Mut. Life Ins.*, 2012 WL 11047336, at *2)), *Gralnik*, 2021 5203333, at *3 ("[T]he Court still has a duty to ensure that it maintains subject-matter jurisdiction over the matter.  And the Court is deprived of subject-matter jurisdiction in the absence of complete diversity among the parties").

        Ward Damon's failure to distinguish these cases based on the "clear factual distinctions between the cases" and the present action was objectively unreasonable. *Grancare*, 889 F.3d at 552 (citation omitted).  The parties here are facially non-diverse, and no argument is presented that any of the non-diverse parties were fraudulently joined.  As set forth above, this factual distinction is readily apparent in at least the majority of Ward Damon's cited authorities – Ward Damon even cites to a Tenth Circuit case making clear that timing of service was irrelevant to the issue of complete diversity, yet disregards that very issue.  (*See* Opposition at 6 n.3 (citing *Woods v. Ross Dress for Less, Inc.*, 883 F. App'x 754, 756–57 (10th Cir. 2021) ("[D]iversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court," and "[a] defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served" (citations omitted))).

        Second, it is axiomatic that the federal courts are courts of limited jurisdiction, and parties cannot consent to the subject-matter jurisdiction of the federal courts.  *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  To allow removal as Ward Damon did here would permit an end-run around Congress's grant of jurisdiction to the federal courts, as any defendant could refuse to accept service in order to remove their case into federal court, thereby escaping the strictures of 28 U.S.C. § 1332 and permitting a flood of non-diverse litigants into federal court in contravention of case law.  *Cf. Encompass*, 902 F.3d at 150 (counsel explaining service was intentionally not accepted to permit the defendant to remove); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (requiring complete diversity since 1806).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-03322-MWF (AFMx)          Date:  December 6, 2022**
Title:     Greenway Nutrients, Inc. et al. v. John Mark Pierce et al.

Such removal also would disrupt the judicial economy and create an exercise in futility, as service of a non-diverse defendant would immediately trigger filing of motions to remand in cases with non-diverse defendants obvious on the face of the complaint, draining judicial resources, and further requiring significant expenditures from the litigants in filing and opposing the motions.

There was therefore no reasonable basis for Ward Damon's removal, both on the basis of the case law and further on the basis of readily apparent policy implications. For those reasons, the Court awards Plaintiffs **$2,000.00** in costs and fees.  *See* 28 U.S.C. § 1447(c).

**IV.   CONCLUSION**

Accordingly, the Motion is **GRANTED** and this action is **REMANDED**.  Ward Damon is **ORDERED** to pay **$2,000** in costs and fees to Plaintiffs.  The Clerk of Court is **ORDERED** to return this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.